United States District Court
For the Northern District of California

**Not for Publication**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| HYOSUNG (AMERICA), INC. and NAUTILUS HYOSUNG, INC., <br><br>Plaintiffs, <br><br>v. <br><br>HANTLE, INC. (fka Hantle USA, Inc.), GENMEGA, INC. (fka Huin, Inc.), WON GEE LEE, and MYUNG WON SUH, <br><br>Defendants. | No. 10-cv-2160 SBA (NJV) <br><br>ORDER REQUIRING FURTHER BRIEFING RE ADMINISTRATIVE REQUEST TO FILE UNDER SEAL (Docket No. 80.) |

On May 16, 2011, this case was referred to the undersigned for all discovery purposes. (Docket No. 82.) On May 19, 2011, District Judge Armstrong entered an order granting in part Defendant Won Gee Lee's miscellaneous administrative request to file his Answer under seal. (Docket No. 84.) In that order, Judge Armstrong granted the request "to the extent that it seeks to place the Answer under seal on a temporary basis until the Motion for Protective Order filed by Defendants Won Gee Lee, Myung Won Suh, and Hantle, Inc. is decided." *Id.* at 1. Judge Armstrong stated that the Court would address whether the Answer would remain under seal in its ruling on the Motion for Protective Order. *Id.* The undersigned entered the Order Granting in Part Defendants' Motion for Protective Order on July 1, 2011. (Docket No. 102.) The Court found that further briefing was required regarding the continued sealing of the Answer in light of that order, and therefore ordered the parties to file a joint letter brief addressing that issue. The parties filed their letter brief on July 20, 2011.

## LEGAL STANDARD

A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c), which "provid[es] that a trial court may grant a protective order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). As the Ninth Circuit explained, "[t]he relevant standard for purposes of Rule 26(c) is whether ''good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

A motion to seal documents which are part of the judicial record, however, is governed by a higher "compelling reasons standard." *Pintos*, 605 F.3d at 678. This is a reflection of the fact that in this circuit, there is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995) (recognizing strong presumption in context of civil trial). Under that standard, a "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178-79). After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (quoting *Hagestad*, 49 F.3d at 1434).

## DISCUSSION

In the Order Granting in Part Defendants' Motion for Protective Order, the Court created two confidentiality designations: "Confidential" and "Highly Confidential – Attorneys' Eyes Only." The Order provides in part that the designation "Confidential" shall be used for "information . . . or tangible things that constitute trade secrets or other confidential research, development, or commercial, financial, or business information that qualify for protection under Federal Rule of Civil

Procedure 26(c)." The Order further provides in part that the designation "Highly Confidential – Attorneys' Eyes Only " shall be used for "Confidential Information that is so highly sensitive and whose disclosure to employees of the Receiving Party would pose such a severe risk of competitive harm as to warrant prohibiting disclosure to employees of the Receiving Party."

In his Administrative Request to File Answer Under Seal, Defendant Lee sought to have his entire Answer filed under seal. Now, in the letter brief filed July 20, 2011, Defendant Lee expressly states that he does not object to the unsealing of his denials and defenses. He does request that the admissions in the Answer remain under seal, and that Plaintiffs' counsel be ordered to continue to treat the admissions as Attorneys' Eyes Only under the terms of the Protective Order. Defendant Lee, however, does not argue that the admissions in the Answer qualify for designation as either "Confidential " or "Highly Confidential – Attorneys' Eyes Only " under the terms of the Protective Order. Rather, Defendant Lee presents a separate legal argument in support of the sealing of his admissions. He argues that he has been indicted in the Republic of Korea based on allegations nearly identical to those in this action. He claims, and Plaintiffs do not deny, that Plaintiffs submitted a "written accusation" to the Korean Prosecutor's Office that led to the indictment against him. Defendant Lee claims that under the laws of the Republic of Korea, he has a right against self-incrimination that is similar to an accused person's right under the Fifth Amendment to the United States Constitution. Defendant Lee presents a reasoned legal argument that United States courts give effect to such foreign constitutional rights as a matter of international comity and fairness, and that this Court should do the same so as to avoid prejudicing him with respect to the Korean criminal proceeding. Defendants Lee concludes that this Court should therefore allow the admissions in his Answer to remain under seal.

Plaintiffs dispute Defendant Lee's legal conclusions. Further, Plaintiffs argue that most of the admissions in Defendant Lee's Answer concern undisputed background facts that cannot be deemed incriminating. Plaintiffs also claim that the admissions in Defendant Lee's Answer are similar to the admissions in the publicly filed Answers of the three other Defendants.

//

**CONCLUSION**

The Court finds that it has insufficient facts before it to resolve this matter under the standards set forth in *Kamakana* and its progeny. Without knowing exactly which admissions Defendant Lee claims will be incriminating and why, the Court cannot, without conjecture, make the specific factual findings required to address Defendant Lee's request that the admissions in his Answer remain under seal. Accordingly, the Court will require further briefing.

In light of the foregoing, **IT IS HEREBY ORDERED** as follows:

1) Defendant Lee shall, no later than Monday, August 8, 2011, file under seal a supplemental brief specifying each admission in his Answer which he argues should remain under seal, and explaining in detail the basis for such sealing; and

2) Plaintiffs may file a response under seal no later than Monday, August 15, 2011.

Dated: July 25, 2011

NANDOR J. VADAS
United States Magistrate Judge