**Not for Publication**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| HYOSUNG (AMERICA), INC. and NAUTILUS HYOSUNG, INC., <br><br>Plaintiffs, <br><br>v. <br><br>HANTLE, INC. (fka Hantle USA, Inc.), GENMEGA, INC. (fka Huin, Inc.), WON GEE LEE, and MYUNG WON SUH, <br><br>Defendants. | No. 10-cv-2160 SBA (NJV) <br><br>ORDER RE ADMINISTRATIVE REQUEST TO FILE ANSWER UNDER SEAL <br>(Docket No. 80.) |

On May 16, 2011, this case was referred to the undersigned for all discovery purposes. (Docket No. 82.) On May 19, 2011, District Judge Armstrong entered an order granting in part Defendant Won Gee Lee's miscellaneous administrative request to file his Answer to the Second Amended Complaint ("the Answer") under seal. (Docket Nos. 80, 84.) In that order, Judge Armstrong granted the request "to the extent that it seeks to place the Answer under seal on a temporary basis until the Motion for Protective Order filed by Defendants Won Gee Lee, Myung Won Suh, and Hantle, Inc. is decided." *Id*. at 1. Judge Armstrong stated that the Court would address whether the Answer would remain under seal in its ruling on the Motion for Protective Order. *Id*. The undersigned entered the Order Granting in Part Defendants' Motion for Protective Order on July 1, 2011. (Docket No. 102.) The Court found that further briefing was required regarding the continued sealing of the Answer in light of that order, and therefore ordered the parties to file a joint letter brief addressing that issue. The parties filed their letter brief on July 20, 2011. (Docket No. 109.)

In the Order Granting in Part Defendants' Motion for Protective Order, the Court created two confidentiality designations: "Confidential" and "Highly Confidential – Attorneys' Eyes Only." The Order provides in part that the designation "Confidential" shall be used for "information . . . or tangible things that constitute trade secrets or other confidential research, development, or commercial, financial, or business information that qualify for protection under Federal Rule of Civil Procedure 26(c)." The Order further provides in part that the designation "Highly Confidential – Attorneys' Eyes Only " shall be used for "Confidential Information that is so highly sensitive and whose disclosure to employees of the Receiving Party would pose such a severe risk of competitive harm as to warrant prohibiting disclosure to employees of the Receiving Party."

In his Administrative Request to File Answer Under Seal, Defendant Lee sought to have his entire Answer filed under seal. In the letter brief filed July 20, 2011, Defendant Lee expressly states that he does not object to the unsealing of his denials and defenses. He does request that the admissions in the Answer remain under seal, and that Plaintiffs' counsel be ordered to continue to treat the admissions as Attorneys' Eyes Only under the terms of the Protective Order. Defendant Lee, however, does not argue that the admissions in the Answer qualify for designation as either "Confidential " or "Highly Confidential – Attorneys' Eyes Only " under the terms of the Protective Order. Rather, Defendant Lee presents a separate legal argument in support of the sealing of his admissions. He argues that he has been indicted in the Republic of Korea based on allegations nearly identical to those in this action. He claims, and Plaintiffs do not deny, that Plaintiffs submitted a "written accusation" to the Korean Prosecutor's Office that led to the indictment against him. Defendant Lee claims that under the laws of the Republic of Korea, he has a right against self-incrimination that is similar to an accused person's right under the Fifth Amendment to the United States Constitution. Defendant Lee presents a reasoned legal argument that United States courts give effect to such foreign constitutional rights as a matter of international comity and fairness, and that this Court should do the same so as to avoid prejudicing him with respect to the Korean criminal proceeding. Defendants Lee concludes that this Court should therefore allow the admissions in his Answer to remain under seal.

2

1     Plaintiffs dispute Defendant Lee's legal conclusions. Further, Plaintiffs argue that most of
2 the admissions in Defendant Lee's Answer concern undisputed background facts that cannot be
3 deemed incriminating. Plaintiffs also claim that the admissions in Defendant Lee's Answer are
4 similar to the admissions in the publicly filed Answers of the three other Defendants.

5     On July 25, 2011, the Court entered an order finding that it had insufficient facts before it to
6 resolve this matter under the standards set forth in *Kamakana v. City and County of Honolulu*, 447
7 F.3d 1172, 1178 (9th Cir. 2006) and its progeny. The Court thus ordered Defendant Lee to file a
8 supplemental brief under seal, specifying each admission in his Answer which he argues should
9 remain under seal, and explaining in detail the basis for such sealing. Defendant Lee filed his
10 supplemental brief on August 8, 2011. (Docket No. 117.) Plaintiffs filed their response on August
11 15, 2011. (Docket No. 126.)

**DISCUSSION**

13     Defendant Lee has responded to the Court's order by arguing that almost every admission in
14 his Answer is incriminating, including paragraphs 7-12, 15-24, 26-37, 39, 44, and 46. Rather than
15 addressing each admission separately, Defendant Lee identifies five broad categories of admissions
16 which he claims are incriminating.

17     First, Defendant Lee lists six admissions, found at paragraphs 7, 17, 32, 33, 34, and 35 of the
18 Answer, which he argues either appear or are clearly assumed in the Korean criminal indictment
19 against him. Defendant Lee contends that any admission by him of an allegation that appears in the
20 Korean criminal indictment is, almost by definition, potentially incriminating. He concludes that
21 these admissions should therefore remain under seal.

22     Second, Defendant Lee lists eight admissions, found at paragraphs 21, 28, 30, 31, 36, 37, 39,
23 and 44 which he states relate to events which Plaintiffs contend support their claims regarding
24 alleged fraudulent transfers of assets or other actions meant to frustrate Plaintiffs' collection.
25 Defendant Lee claims that this is the conduct at issue in the Korean criminal proceeding, and that
26 these admissions are therefore potentially incriminating and should remain under seal.

27     Third, Defendant Lee lists eleven admissions, found at paragraphs 8, 9, 10, 11, 12, 15, 16,
28 26, 27, 29, and 46 of the Answer, that relate to the facts of corporate structure, control and

3

citizenship. He argues that the facts of Lee's and Suh's roles in the entities at issue and the corporate structures of those entities are alleged by Plaintiffs to furnish critical links in the chain of evidence supporting their theory. Thus, argues Defendant Lee, these admissions are potentially incriminating and should remain under seal.

Fourth, Defendant Lee identifies three admissions, found at paragraphs 18, 19 and 20 of the Answer, which he claims relate to events which Plaintiffs allege were the impetus for the allegedly fraudulent transfer of Tranax's ATM business to Hantle and Genmega. Defendant Lee contends that these admissions are therefore potentially incriminating and should remain under seal.

Fifth, Defendant Lee identifies three admissions, found at paragraphs 22, 23 and 24 of the Answer, which he claims relate to the bankruptcy trustee permitting Plaintiffs to acquire certain claims against Tranax and pursue them in this matter. Defendant Lee contends that if presented with this evidence, the Korean court might conclude that Plaintiffs' civil claims have some merit and that Defendant Lee is criminally liable as a result. Defendant Lee concludes that these admissions are therefore potentially incriminating and should remain under seal.

As set forth in this Court's prior order, a motion to seal documents which are part of the judicial record is governed by a "compelling reasons standard." *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). This is a reflection of the fact that in this circuit, there is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995) (recognizing strong presumption in context of civil trial). Under that standard, a "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Pintos,* 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1178-79). After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (quoting *Hagestad*, 49 F.3d at 1434).

Here, Defendant Lee argues that the potentially incriminating nature of the admissions supports his request that the Answer remain under seal. Starting with the presumption in favor of

4

public access to the Answer as a judicial record, the Court first notes that no argument has been made that disclosure of the admissions in the Answer would result in the use of the records for improper purposes, such as libel, promoting public scandal, or infringement on trade secrets. Such usage of court records would generally constitute "compelling reasons" sufficient to outweigh the public interest in disclosure and justify sealing court records. *See Kamakana*, 447 F.3d at 1179.

Defendant Lee cites two cases, neither of which lend support to his position that the potentially incriminating nature of his admissions justifies sealing of the Answer. He cites *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 191 (2004), for the principle that even a person's name can be considered incriminating under certain circumstances. In *Hiibel*, the Court acknowledged that principle, but rejected the defendant's argument that he had a Fifth Amendment right to refuse to disclose his name during an investigative stop by a police officer. The Court found specifically that the defendant failed to meet his burden because he had not articulated any "real and appreciable fear that his name would be used to incriminate him, or that it 'would furnish a link in the chain of evidence needed to prosecute' him." *Id*. (*citing Hoffman v. United States*, 341 U.S. 479, 486 (1951)). The Court explained that "[a]nswering a request to disclose a name is likely to be so insignificant in the scheme of things as to be incriminating only in unusual circumstances." *Id*. The Court cited *Baltimore City Dept. of Social Servs. v. Bouknight*, 493 U.S. 549, 555, which it described as "suggesting that 'fact[s] the State could readily establish" may render 'any testimony regarding existence or authenticity [of them] insufficiently incriminating.'" *Id*.

In the present case, many of the admissions which Defendant Lee seeks to keep under seal involve undisputed background facts that Defendant Suh and Hantle have admitted in their Answers. (Answer at paragraphs 7 -10, 12, 15 -24, 26, 27, 29.) These include background facts such as Defendant Lee's nationality and corporate positions, and the place of incorporation and corporate structure of Hantle. Similarly, Defendant Lee's admissions regarding events in the Tranax arbitration, the enforcement litigation, the Tranax bankruptcy, and this case are undisputed and subject to judicial notice, based on publicly available court records. (Answer at paragraphs 17-22). In light of the undisputed nature of these facts and the reality that they are readily established

1 through other sources, the Court finds that Defendant Lee has failed to carry his burden to provide a
2 compelling reason for sealing his admissions made in the paragraphs set forth above.

3 In *Hoffman,* 341 U.S. 479, the second case cited by Defendant Lee, the Court held that a
4 witness before a special federal grand jury could refuse to answer questions as to whether he had
5 seen, talked to or knew the whereabouts of a certain person, on the ground that his answers might
6 incriminate him of a federal offense, since the answers could have forged links in a chain of facts
7 imperiling defendant with conviction of a federal crime. The petitioner was described by the Court
8 as having "a twenty-year police record and had been publicly labeled an 'underworld character and
9 racketeer.'" *Id*. at 819. The Court noted that "the chief occupation of some persons involves
10 evasion of federal criminal laws, and that truthful answers by petitioner to these questions [regarding
11 business activities] might have disclosed that he was engaged in such proscribed activity." *Id*.

12 Plaintiffs explain in their response to Defendant Lee's supplement brief that the critical issue
13 as to both crimes with which he is charged in Korea is whether he intentionally transferred Tranax's
14 assets to other companies without compensatory payment. Doc. 126, Response to Supplemental
15 brief at 3. Defendant Lee argues that his admissions regarding the corporate positions held by
16 Defendants Lee and Suh, and the corporate structure of Tranax, Hantle, and related companies is
17 incriminating because these facts relate to the Defendants' roles in the entities at issue and the
18 corporate structure of these entities. Defendant Lee thus contends that the admissions in response to
19 paragraphs 8, 9, 10, 11, 12, 15, 16, 26, 27, 29, 46 of the Answer should remain under seal.

20 In contrast with the activities of the defendant in *Hoffman*, Defendant Lee's control over
21 Tranax and related companies by virtue of his positions and stock ownership is not a crime. Nor do
22 these facts bear on the critical issue of whether Defendant Lee used his control over the companies
23 to commit the acts with which he is charged. Further, these background facts can be readily
24 established by the admissions of other defendants and corporate records. *See*, Declaration of
25 Barbara N. Barath in Support of Motion to Compel, Exs. 13, 14, 16-19, Docket nos. 121-13, 121-14,
26 121-16 to 121-19; Declaration of Byong Woo Im In Support of Motion to Compel, Exs. A, B,

6

Docket Nos. 122-1 at 13-14, Docket No. 122-2 at 3-4. Accordingly, the Court concludes that the admissions at issue are insufficiently incriminating to provide a compelling reason for sealing them.

Defendant Lee contends that any admission of an allegation that appears in the Korean criminal indictment "is, almost by definition, potentially incriminating, and the admission should therefore remain under seal in this matter." Supplemental Brief, 1: 21-22. Defendant Lee cites the admissions made in paragraphs 7, 17, 32, 33, 34, and 35 of the Answer. Plaintiffs argue in response that a criminal indictment contains background facts, and the mere inclusion of those facts in the indictment does not make them incriminating. The Court agrees with Plaintiffs that the admissions in paragraphs 7 and 17 of the Answer contain background facts such as Defendant Lee's positions with Tranax and Hantle and the filing of the arbitration, which are easily ascertainable through other sources. No compelling reason to seal these admissions exists.

Plaintiffs concede that the admissions in paragraphs 28, 30-37, 39, and 44 of the Answer do relate to the transfer of assets. They argue, however, that these admissions are non-incriminating and do not present a compelling basis for sealing the Answer. The Court must agree that Defendant Lee's assertions that certain assets were transferred for "fair value" as found in paragraphs 28 and 34 of the Answer are non-incriminating denials of wrong doing. Further, the Court finds that Defendant Lee's admissions of the undisputed content of Tranax's and Hantle's prior statements found at paragraphs 30, 31, 32, and 33 are in no way incriminating. Finally, as Plaintiffs argue, paragraphs 35, 36,37, 39, and 44 are actually denials of any transfer for less than fair market value. The Court must conclude that Defendant Lee has shown no compelling basis for sealing these admissions.

In summary, the Court is unconvinced that many of the admissions identified by Defendant Lee are actually incriminating. Further, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 2003); *see also United States v. Balsys*, 524 U.S. 666, 669 (1998) (holding that concern with foreign prosecution is beyond the scope of the Fifth Amendment privilege against self-incrimination). Finally, the Court has considered Defendant Lee's comity argument and finds

7

that under the particular circumstances of this case, the interests of comity are insufficient to overcome the strong presumption in favor of access to the judicial record. *See generally, Madanes v. Madanes*, 186 F.R.D. (S.D.N.Y. 1999) (discussing standard for determining whether to recognize a foreign privilege). Accordingly, the extent to which Defendant Lee's Korean constitutional right bars use of the Answer from this United States civil case in the Korean criminal case is an issue which will have to be addressed in the Korean court.

In light of the foregoing, IT IS HEREBY ORDERED as follows:

1) Defendant Lee's administrative motion to file his Answer to the second amended complaint under seal is DENIED;

2) The Clerk of the Court is directed to unseal the Answer, found at Docket No. 110; and

3) The Clerk is directed to unseal the Supplemental Brief found at Docket No. 117, Plaintiffs' Response to the Supplemental Brief found at Docket No. 126.

Dated: November 14, 2011

NANDOR J. VADAS
United States Magistrate Judge